FILED
SUPERIOR COURT
OF GUAM

2025 MAY 13 PM 2: 04

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LANA M. PARRISH,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GUAM NAVY HOSPITAL and GUAM REGIONAL MEDICAL CITY HOSPITAL,<br><br>　　　　　　　　　Defendants. | CIVIL CASE NO. CV0120-24<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant GRMC's Motion to Dismiss* |

This matter came before the Honorable Arthur R. Barcinas on February 13, 2025 for a hearing on Defendant Guam Regional Medical City's ("GRMC") Motion to Dismiss ("Motion"). Attorney G. Patrick Civille was present for GRMC, and Plaintiff Lana M. Parrish ("Plaintiff"), *pro se*, did not appear despite being served. Upon consideration of the Motion, the Court **GRANTS** the Motion to Dismiss for the reasons below.

## BACKGROUND

On March 11, 2024, Plaintiff filed the Complaint in this case, bringing claims for negligent infliction of emotional distress and wrongful death against multiple hospitals based on the medical treatment of her husband that had allegedly led to his death on March 13, 2022. On July 3, 2024, GRMC filed the Motion, seeking to dismiss the Complaint for being filed after the statute of limitations had expired and for failure to comply with the mandatory arbitration required by 10 GCA § 10102. On September 24, 2024, Plaintiff filed a Motion for Extension of Time to file an opposition to the Motion. On October 8, 2024, the Court held a hearing on GRMC's Motion to

Dismiss, but GRMC's counsel informed the Court at the hearing that it had not been served with Plaintiff's Motion for Extension of Time. After the hearing, the Court issued an Order granting Plaintiff sixty (60) days to acquire the services of an attorney, and requiring Plaintiff to file an opposition by November 29, 2024, regardless of whether she had acquired counsel by that time.

On December 5, 2024, the Court held another hearing on the Motion, and Plaintiff informed the Court that she had not been able to secure an attorney, and had only been recently released from the hospital. The Court then gave Plaintiff until January 30, 2025 to file her opposition. On January 23, 2025, Plaintiff filed a CVR 7.1 Form 1, with the "Relief Sought" field reading only "Motion to Dismiss Plaintiff Lana M. Parrish," but provided no accompanying documents opposing the Motion.

On February 13, 2025, the Court held a third hearing on the Motion, at which Plaintiff did not appear and GRMC's counsel informed the Court it had again not been served with Plaintiff's January 23, 2025 filing. The Court subsequently took the matter under advisement.

## DISCUSSION

GRMC requests dismissal on two grounds: 1) the Court is deprived of jurisdiction over this case because Plaintiff's Complaint is barred by the one-year statute of limitations under 7 GCA § 11308; and (2) Plaintiff failed to submit her claim to arbitration as required by 10 GCA § 10102.

GRMC first seeks dismissal because the Complaint was allegedly filed past the one-year statute of limitations for actions to recover damages arising from medical treatment. Under 7 GCA § 11308, any action seeking to recover damages for injuries "arising from any medical, surgical or dental treatment, omission or operation shall be commenced with one (1) year from the date when the injury is first discovered."

First, regarding the wrongful death claim, Plaintiff alleges in her Complaint that her husband was hospitalized at GRMC "a few days" after being diagnosed with pneumonia at the Guam Naval Hospital on March 13, 2022. Compl., at 2-3. Plaintiff further alleges that the day after being admitted into GRMC, her husband went into convulsions and was moved to the intensive care unit, where he passed away. Plaintiff asserts that her husband's death was wrongfully caused by GRMC's alleged breach of its duty of care by "fail[ing] to administer the correct dosage for his blood clots, fail[ing] to take proper care by letting him get out of bed, and fail[ing] to have specific medication that was needed to save his life." Compl., at 4. This indicates that, upon her husband's death, Plaintiff was aware of the alleged breach giving rise to her wrongful death claim, as she claims to have witnessed these acts and understood them to be a breach of duty.

Plaintiff does not specify when her husband's death occurred, but if it was "a few days" after March 13, 2022, it is reasonable to infer that it occurred in late March or early April of 2022. However, even if it occurred later, Plaintiff filed her Complaint on March 11, 2024. Given the one-year statute of limitations, the Complaint would only have been timely if Plaintiff was made aware of the injury as early as March 11, 2023. The injury she alleges, the breach of duty, would have occurred long before then, and thus the wrongful death claim is past the one-year statute of limitations.

Similarly, in her claim for negligent infliction of emotional distress, Plaintiff alleges that, upon her husband's death, she "ran down the hall hysterically," "[o]verwhelmed by GRMC's negligent care of her husband." Compl., at 4. Plaintiff further asserts that GRMC's alleged breach "caused the Plaintiff severe emotional distress leaving her without her husband, witnessing a traumatic episode of the Defendant acting carelessly towards her dying husband, causing her to

lose her home and employment, and essentially leaving her homeless." Compl., at 5. Again, the injury which Plaintiff bases her claim on is a breach of duty that she was made aware of upon her husband's death and which led to her subsequent distress. And, again, her husband's death occurred well more than a year before the Complaint was filed, leaving the injury outside of the one-year statute of limitations.

Accordingly, the Court finds that this action is time-barred by the statute of limitations and therefore **GRANTS** the Motion to Dismiss. This precludes GRMC's argument for mandatory arbitration, as arbitration would be futile given the Court's inability to adjudicate this matter after the statute of limitations has expired.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant GRMC's Motion to Dismiss.

SO ORDERED ____MAY 13 2025____.

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**